### UNITED STATES v. WHITLEY.
### No. 766.

District Court, N. D. Georgia, Atlanta Division.

Aug. 18, 1934.

192

Irwin Geiger, Sp. Counsel, National Recovery Administration, of Washington, D. C., and M. Neil Andrews, Asst. Dist. Atty., of Atlanta, Ga., for the United States.

Hewlett & Dennis, Hal Lindsay, and Howell & Post, all of Atlanta, Ga., for defendant.

SIBLEY, Circuit Judge (after stating the facts as above).

On the motion to dismiss the bill: The National Industrial Recovery Act, in section 3 (15 USCA § 703), expressly invests the District Court with jurisdiction to restrain violations. This bill alleges that the code was approved and violated and prays an injunction against the continued violation. I do not see where there is any possibility of the court lacking jurisdiction, although what the merits of the case develop on trial is another thing. The bill alleges a case and the court has jurisdiction to entertain it, and the motion to dismiss is overruled.

On the question of preliminary injunction; I might well decide the case as a discretionary matter. This is not a final decision. The case is still to be tried on its merits. The facts may develop differently from what they have here, but because it has been requested, and because the case is about to run

out under the evidence here, I will go ahead and express my opinion as best I can, rapidly formed, about the questions that are presented. The case is almost moot. One of the contracts, in reference to which the controversy arises, is already gone; it has been performed by the state. Whitley can do nothing more on it. The other one, according to the testimony, has only about a week to run. Actually, there is nothing involved except Whitley's right to hire cheap labor for a week. But the questions are big questions, important ones, and I suppose it is my duty to decide them. The general validity of the N. R. A. is before the Supreme Court to be argued at its October term, and in two months' time, I suppose we will know all about it. I would be loath, under these circumstances, to enter into any general discussion about it. I really think the last section (303) of title 3 (15 USCA § 711) makes it improper. It provides that if any provision of this chapter or the application thereof, to any person or circumstances, is held invalid, the remainder of the chapter and the application of such provision to other persons or circumstances shall not be affected thereby. I think that pins me down to taking this act and the provisions which are directly here involved, and applying them to the persons and the circumstances directly here involved to see whether or not they can be sustained as to those persons and under those circumstances. Now, I say that particularly because it seems to me that an effort by the Congress to regulate the whole construction industry is a pretty long shot. It seems to me it would take a good deal of ingenuity and even strain to bring it within the power of Congress. It can be done perhaps. But in this case we have a particular industry involved, a branch of the industry, and it is not so difficult to my mind. It is a case of contractors who execute work on public roads, which are public roads of the state and also post roads of the United States and also arteries of interstate traffic. I do not regard these as new roads. They both have long been public roads and, under the evidence, there was a joint agreement between the state and the United States to improve and develop them. Perhaps some re-location was involved, but the big idea was the improvement of the old roads so as to make them more effective for all the purposes that they serve. Now, the United States helped pay for the initial stages of that development. The particular contract that is here involved is for some finishing stages on it, a separate contract but yet a part of that original plan, and these very contracts contain

references, both in the proposal and the contracts, to the aid of the United States and to the United States legislation on the subject, and the bond goes so far as to recite that the United States could sue in their own behalf, as well as the state of Georgia for the use of the United States, concerning this work. It all goes to show that the work we are dealing with is a work in which both the United States and the state are co-operating and have an interest. It is public work and public work both as to the state and as to the United States. Now, the code undertakes to regulate this work by prescribing maximum hours of labor and minimum rates of pay. The code has nothing beyond the act in that idea. The President, in putting those provisions in the code, has done exactly what the act contemplated, because in that section about the code, I believe it is section 5, there are very numerous references to these maximum hours of labor and minimum rates of pay, contemplated to be put in the code to be enforced, and there is no question of code going beyond the act. The case must be viewed as though Congress itself had passed this code with reference to work of the class with which we are dealing, and the constitutional question is: Could Congress regulate the hours of labor and the rates of pay on work in which it had an interest as a post road or as an artery of interstate commerce? When you read all the decisions that have been made, I cannot say the question is absolutely clear, but my best judgment is that Congress could regulate those matters, if it was purely work of the United States. It has often been done, and I suppose could rightly be done. But when the state of Georgia gets mixed up in it the matter becomes more doubtful, because in then regulating these matters the United States in a measure controls the expenditure of state money, and that is a serious thing to contemplate. But I do not feel that I am in position to say that clearly under this evidence, as an emergency measure and for the brief period of time and for the broad purpose this act professes, it is beyond the power of Congress, and I am going to refuse to overturn the construction code as applied to these post roads, and to the agreement made to improve and better them as appears in this case. The result of that ruling is that this code applies to Mr. Whitley and to all other contractors on roads of this character, even though the particular contract that they make is one in which the state furnishes all the money. Now, the code itself that was adopted contains a provision by way of exception, on which reliance is placed in this case. Assuming that

the code is effective and applicable, when the advertisement for bids was made and when the proposals were accepted, and a contract made, if nothing had been said about this matter, the provisions of the code, of course, would have been a part of the contract. They would have been included in it because they had the force of law. Those provisions, however, contain this exception: "Where provisions concerning hours of labor or rates of pay have been established for specific projects by competent Governmental authority or agency, whether Federal, State or Political sub-divisions thereof, acting in accordance with law, any employer required to comply and who complies with the provisions so established, shall be relieved from conflicting provisions of this code." Now, that is relied on as a defense under the claim that there was a provision thus established for these projects, made in accordance with law, with which Whitley has been required to comply, which conflicts with the code provision. Now, the first doubt about this exception is on the words, "have been established"—they are not "shall be established". but "have been established," with no time mentioned. Does it mean "have been established" when this code goes into effect, so that the parties are allowed to fulfill their existing contracts without embarrassment, or is it intended to allow the state and federal agencies for the future to make contracts in disregard of the code provisions? Now, if those meant were mere private parties and mere private contracts, I would not think that was a reasonable construction, that last one. Of course, where public functionaries are involved, Congress might very well say: We can trust you to do whatever is right on these matters, and to substitute the provision of the code when you think you ought to do it. That idea is a little bit strengthened by what follows, which is a provision about a "valid labor agreement in force on the effective date," that is of the code, that that can be carried out. I suppose it is a labor union contract that they have in mind. Now, this plainly is restricted to contracts in existence at the time the code goes into effect and no new contracts with labor unions could be made contrary to the code. The difference in language rather advances the idea there was a difference in intent, and if there was an intent to let the state agency make a contract different in those two particulars from what the code provides, that would bring us up to the question of whether that was done in this case and that is really the only question that has been bothering me.

The case is left rather uncertain to me as to what the law of Georgia is about public contracts in general and what the law is about contracts by this Highway Board. The original act invests them with power to make contracts, it says nothing else. If there are any state statutes as to how public contracts must be made, I think they would attach to this party and they would have to be made that way. I was under the impression that they had to be by competitive bids when above a certain amount, but no statute to that effect has been produced. In this case, however, competitive bids were invited, and that seems to be the practice uniformly of the Board from their minutes here. A written proposal for bids was first sent out by the Board. It said nothing about any departures from the code which otherwise would control, and written proposals were made by Mr. Whitley and others. According to the specifications, the general specifications, if there were to be any special conditions he had to attach them to the proposal. That idea of having bids and special conditions attached to proposals is apt to produce inequities because different bidders might attach different conditions, neither one knowing what the other has done, and bid on very different propositions and there would not be any true competition. Now, that would be exceedingly important in this particular matter, because a contractor who bids under the code would be bidding on wages of 40 cents an hour. The contractor that put on his proposal a condition like the one that is here involved would be bidding on anywhere from 8½ cents to 30 cents an hour, according to this testimony, and it might make a great difference in his bid and would not be a just competition at all. In fact, I do not know whether a contract let under those circumstances would really be a valid contract. Anyway, let's see now what happened in these proposals. I do not think this condition was attached to either proposal when it was made. I do not think any witness swears they were attached then. Several swore they were attached before the contract was signed. One of these proposals has a reference to "special provisions hereto attached," and I have tried to see what was attached. The physical evidence indicates that none of these were attached that are attached now. These three clips now fasten the papers together and they fasten the bond, contract, and special conditions and the proposals. Of course, they were not all there when the proposal was filed; there was no bond; there was no contract; they could not have been attached then. There are physical marks on the proposal which show that three other fasteners have been in them and they are not there now. Those same marks appear in the inserted sheet here but do not appear in any one of the sheets containing the conditions. That little physical sign demonstrates to my mind that when this proposal was made these conditions were not attached to it although there is a reference to attached conditions. Now, the other proposal contains no reference to attached conditions. It has exactly similar marks of former attachments and those marks do include several conditions, but unfortunately the particular condition that we are worrying about has not got any such marks on it; it has been pasted on one of the others and the marks do not go through the pasting. Just looking at all the evidence, while the testimony is in some conflict, in the light of what we see here, I conclude as a matter of fact the proposals were not made with this condition a part of them. They were accepted by the Board on its minutes of June 7th, the very day they are dated. According to the state highway engineer, these conditions came up later, some days later, and he at first objected to their being put into the contract. I think that he was right about it. I do not think they had any right to go in there. I think the chairman clearly had no right to put them in. I do not think they are a binding part of this contract. If they had been against Mr. Whitley, I do not think he could have been made to perform them. And they certainly have not much substance to them when you look at the actual situation. The condition states that it was made so the state can get cheap bids and save tax money, and yet it had nothing to do with the bids. It got into the contract after the bids had all been made and after these two had been accepted. It could not then benefit the state; it could only benefit Mr. Whitley by allowing him to make cheaper wage contracts than the code allows. It does not seem to me that it is fairly within the permission which the code gave the state to make different arrangements if they ought to be made. It does not look to me like it is worked out as the makers of the code must have thought and intended, if they intended at all, to give the state authority to disregard the code in the future. I may be wrong about that, but under the evidence as it is now presented to me, I do not think that is any part of the contract and, consequently, it cannot be any defense. Whitley has to go ahead and perform these contracts under the code.

Now, I have been bearing in my mind this criminal case that has been mentioned here.

Of course, I am not deciding that. There may be in this situation enough to justify his past conduct. It may be that he acted entirely in good faith, believing that he was protected in dealing with his labor. I am not expressing any opinion about that. . I am simply saying that I am dealing with what he ought to do from this day on, and I think from this day on that he ought to obey the code and would not be justified in regarding that stipulation in his contract as excusing him from obeying the code. Having that view of it, I will continue the injunction until the further order of the court or until the final disposition of the case.